UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

04-CR-6106L
09-CV-6635L

v.

EDWIN FIGUEROA,

Defendant.
_____

Defendant, Edwin Figueroa ("Figueroa"), was convicted after a jury trial on three counts relating to the illegal possession of a firearms. He was convicted of possessing a sawed-off shotgun and of possessing that firearm after having previously been convicted of a felony. On March 29, 2006, Figueroa was sentenced principally to a term of 216 months imprisonment. That Judgment was affirmed on appeal on November 18, 2008, in a published opinion, 548 F.3d 222 and a separate Summary Order, 300 Fed. Appx. 93.

Having been rebuffed on direct appeal, Figueroa now turns on his trial attorney and moves to vacate the Judgment (Dkt. #99) pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. Because Figueroa has failed completely to carry his heavy burden of establishing ineffective assistance of counsel, the motion to vacate is denied.

The United States Supreme Court established the standards for finding ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984). One claiming ineffective assistance of counsel must establish that his lawyer's performance was deficient and that he suffered some prejudice or harm because of it. Figueroa has failed to establish either prong of this two-part test.

Figueroa bears a heavy burden to establish this and the law is also clear that there is a strong presumption that counsel's conduct fell within the broad range of reasonable performance. Defendant must also establish that there was a reasonable probability that the result would have been different had counsel not committed the alleged errors. Figueroa must establish both prongs of the test and here he can establish neither.

A review of the record demonstrates that Figueroa's attorney vigorously defended him at trial, cross-examining witnesses and objecting, when appropriate, to the Government's evidentiary offers. Even a cursory review of the trial and sentencing proceeding demonstrates his thoroughness and competence.

Furthermore, this case stands as testament to the aphorism that "no good deed goes unpunished." Two things are of note relative to counsel's performance. First of all, he sought to cross-examine a Government witness about the witness's swastika tattoo. Defense counsel argued that such examination was proper but this Court denied the request and precluded the evidence. On appeal, the Second Circuit found that counsel's request was proper and that this Court erred in not allowing the examination. The Second Circuit found, though, that the error was harmless in light of the strong evidence against Figueroa and the fact that other witnesses provided the same testimony

as the tattooed witness. This vignette is but one example of defense counsel's dogged defense of Figueroa.

Second, and most importantly, counsel successfully argued for a significant sentence reduction. The Probation Department determined that based on Figueroa's three violent felony convictions, he was an armed Career Criminal with a Guideline range under the United States Sentencing Guidelines of 30 years to life on Count 1 of the indictment. In two detailed sentencing memoranda (Dkt. ## 78, 79), and in court at the sentencing hearing, counsel urged the Court not to impose a sentence within that range but to impose a lesser sentence. Based in part on those arguments, this Court did sentence Figueroa principally to a term of 216 months (18 years) rather than the 360 months (30 years) sentence under the applicable Sentencing Guideline. It is hard, under these circumstances, to see how defense counsel could have been any more effective at the sentencing phase.

Figueroa has a laundry list of eight items that he believes demonstrates ineffective assistance of counsel but most require short-shrift. For example, Figueroa claims ineffective assistance because his lawyer did not object to the introduction into evidence of a photograph of both the firearm and the shell found in Figueroa's apartment. It is clear, though, from the record that counsel did object on several occasions to that evidence. Another example of the lack of merit here is defendant's claim that counsel should have sought a mental exam. However, the factual circumstances relied upon were discussed at trial and the Court's handling of the matter was specifically found to be appropriate by the Second Circuit on direct appeal.

Figueroa also claimed that counsel should have challenged one of his violent felonies, Attempted Burglary in the Third Degree. Figueroa, himself, raised that issue in his *pro se*

Sentencing Memorandum, and this Court discussed it at the sentencing hearing. As the Government points out in its Response (Dkt. #103) to Figueroa's motion, the law in the Second Circuit was clear that the crime of Attempted Burglary in the Third Degree is a violent felony. Therefore, counsel cannot be faulted on this point.

Figueroa claims now, in a most conclusory fashion, that counsel failed to investigate matters or call witnesses. Figueroa fails to establish, though, how these witnesses would have been helpful and beneficial to him in light of the rather straightforward nature of the Government's proof and the numerous witnesses that testified against Figueroa and in favor of the Government.

None of the other matters raised by Figueroa warrant discussion. I find them without merit for the reasons discussed by the Government in its Response.

CONCLUSION

Defendant Edwin Figueroa's motion (Dkt. #99) to vacate the Judgment of Conviction, pursuant to 28 U.S.C. § 2255 is denied and the case dismissed.

I decline to issue a certificate of appealability because Figueroa has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 7, 2010.