UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWIN FIGUEROA,                              **No. 04-CR-6106**
                                             **No. 16-CV-6175**
                         Petitioner,
         -vs-                                **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                         Respondent.
_____

I.  **Introduction**

   Petitioner Edwin Figueroa ("Figueroa") is a federal prisoner currently serving a sentence of 216 months of imprisonment following his conviction by jury on October 11, 2005. His sentence, imposed on March 30, 2006 by the Honorable David G. Larimer (Docket No. 85), was enhanced under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") for his conviction of possession of a firearm after having been convicted of three violent felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), which carries a statutory minimum of 180 months of imprisonment.

   On February 17, 2016, Figueroa filed a motion with the Second Circuit Court of Appeals ("Second Circuit") for leave to file a second or successive 28 U.S.C § 2255 motion based on the Supreme Court's decision in *Johnson v. United States* (__ U.S. __, 135 S. Ct. 2551 [2015]), which held that the definition of a "violent felony" to serve as a predicate conviction under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(2), was unconstitutionally vague. The Government did not oppose, and the

Second Circuit granted Figueroa's motion to file a successive § 2255 motion in the Western District of New York (Docket No. 112).

For the reasons set forth below, the Court finds that because Figueroa's status and sentence were enhanced under the residual clause of ACCA, it is therefore rendered retroactively invalid under the rule announced *Johnson*. Consequently, Figueroa's motion for vacatur of his sentence must be granted, and the Court orders that this case to be transferred for resentencing as soon as possible.

**II. The Government's request for a stay.**

As a preliminary matter, the Court denies the Government's request for stay of the present proceedings pending the Supreme Court's decision in *Welch v. United States* (2016 WL 90594, 136 S.Ct. 790 [2016]), which is expected to address whether *Johnson* is retroactive on collateral review. This Court has recently held that the rule set forth in *Johnson* invalidating a sentence imposed under the residual clause of the ACCA shall be applied retroactively. *See United States v. Zimmerman*, No. 13-CR-74, 16-CV-15 (W.D.N.Y. Mar. 4, 2016); *see also Rivera v. United States*, No. 03-CR-242, 13-CV-1742 (D. Conn. 2015); *Lynch v. United States*, 2015 WL 9450873, *2 (S.D.N.Y. 2015). Moreover, the Second Circuit, while not having explicitly ruled on the issue, has granted permission to file second and successive petitions based on § 2255

in cases involving a *Johnson* issue, as it did here, and directed the district court to address whether the decision in *Johnson* has announced a new rule of constitutional law made retroactive to cases on collateral review. *See, e.g., Rivera v. United States*, No. 13-4654 (2d Cir. 2015).

**III. Application of *Johnson* to Figueroa's Sentence.**

In response to Figueroa's motion to vacate his sentence, the Government concedes that, if *Johnson* is applied retroactively, Figueroa's predicate convictions for attempted burglary in the third degree "no longer qualify as 'violent felony' convictions because of the *Johnson* decision declaring the residual clause of the ACCA to be unconstitutional, and because those offenses do not qualify as a 'violent felony' under any other section of the ACCA." Government's memorandum of law, p. 5. The Court agrees. *See United States v. Maldonado*, No. 12-3487-CR, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016) (holding that an attempted burglary in the third degree conviction under New York law did not constitute a predicate crime justifying defendant's enhanced career offender status under an identically-worded residual clause in the United States Sentencing Guideline § 4B1.1[a]).

Figueroa further asserts that his time in custody, approximately 132 months excluding good time, exceeds the sentencing range presented in the Government's brief. The Government concedes that "[w]ithout the ACCA designation, Figueroa's revised advisory

sentencing guideline range is 92 to 115 months imprisonment, based on a total offense level of 24 and a reduced criminal history category of V." Government's memorandum of law, p. 6. Figueroa argues that, without armed career criminal status, his time served currently exceeds the statutory maximum for his conviction under § 922(g). Figueroa's reply memorandum of law, 4. Under the circumstances presented here, the Court transfers this case to the Hon. Frank P. Geraci for resentencing as soon as possible.

### III. Conclusion

Figueroa's motion for vacatur and correction of his sentence (Doc. 115) is granted. The matter is transferred to the Honorable Frank P. Geraci for resentencing. The government's request for a stay of the proceedings is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   April 14, 2016
         Rochester, New York.